IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NANCI VAN ALST-SMITH,<br><br>    Plaintiff,<br><br>        v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | CIVIL ACTION NO. 3:07-CV-1663<br><br>(JUDGE CAPUTO) |

**MEMORANDUM**

Presently before the Court are United States Magistrate Judge Malachy E. Mannion's Report and Recommendation (Doc. 9) and Plaintiff Nanci Van Alst-Smith's Objections to the Magistrate Judge's Report and Recommendation (Doc. 10).  The Magistrate Judge recommended that the Court deny Plaintiff's appeal of the Commissioner of Social Security (Commissioner)'s decision that denied her claim for disability insurance benefits (DIB) and supplemental security income (SSI).  For the reasons set forth below, the Court will adopt the Magistrate Judge's Report and Recommendation and overrule Plaintiff's Objections.  Accordingly, Plaintiff's appeal will be denied.

**BACKGROUND**

Plaintiff Nanci Van Alst-Smith applied for SSI and DIB on March 31, 2003, alleging that she had been disabled since April 18, 2002 with "migraines, asthma, chronic back and shoulder pain syndrome, a left hip impairment and carpal tunnel syndrome." (Report and Recommendation, Doc. 9, at 1.)  Plaintiff was born on June 28,

1966, has attained a twelfth grade level of education, and has worked, in the past, as a clerk for seven (7) years, and most recently, as a machine operator supervisor for eight (8) years. (*Id*. at 4; R. 22, 57.) At a hearing before the Administrative Law Judge (ALJ), Plaintiff "testified that she takes care of her own person needs, she cleans occasionally, she reads occasionally and watches television." (Report and Recommendation, Doc. 9, at 4.) Kristan Sagliocco, a vocational expert (VE), testified that based on the ALJ's determination of Plaintiff's limitations; Plaintiff's age, education, and work history; and a residual functional capacity (RFC) for sedentary work with an option to sit or stand, Plaintiff could perform work, such as that of a guard, dispatcher or clerk. (*Id*. at 4-5.)

In the 1980's, Plaintiff had two Harrington rods placed in her back due to a fracture of her lumbar spine. (*Id*. at 5.) In 2002, Plaintiff injured her shoulder and received successful surgery; she was under the care of Dr. Earnest Edwards. (*Id.*) In 2003, Plaintiff experienced back pain and a muscle spasm from increased muscle tone and decreased flexion. (*Id*.) In that same year, she also experienced headaches but also had full range of motion and normal gait, strength, and sensation in her back. (*Id*.)

In late 2003, Plaintiff switched doctors and began to see Dr. Matt Vegari. (*Id*. at 6.) He soon diagnosed carpal tunnel syndrome, prescribing wrist splints and medication and advising that Plaintiff not lift, push, or pull in excess of fifteen (15) pounds. (*Id*.) An MRI of Plaintiff at the same time also revealed mild disc dessication in her spine. (*Id*.) Dr. Vegari diagnosed plaintiff with "radiculopathy, bulging discs . . . migraine headaches and cervicogenic headaches, a sleep disorder . . . [and a] compression fracture." (*Id*.) In 2004, an MRI of Plaintiff's spine was normal, and an MRI of her shoulder showed

tendinitis but no tear in her rotator cuff.  (*Id*.)  Plaintiff was diagnosed with moderate severe obstructive airways disease and mild ventilatory impairment and was later diagnosed by Disability Determination Services (DDS) with neck problems, back problems, breathing problems, migraines, carpal tunnel, and a shoulder injury.  (*Id*.)  DDS determined that Plaintiff could perform light duty work.  (*Id*.)  However, Plaintiff's physician, Dr. Vegari stated that Plaintiff was "temporarily totally disabled."  (*Id*.)

Plaintiff's application for benefits was denied by the ALJ on December 8, 2005.  (*Id*. at 1.)  The Appeals Council denied her request for review of this decision on July 27, 2007.  (*Id*. at 2.)  Therefore, the ALJ's decision was the final decision of the Commissioner of Social Security.  (*Id*. at 2.)  On April 1, 2008, United States Magistrate Judge Malachy E. Mannion recommended that Plaintiff's appeal of the Commissioner of Social Security (Commissioner)'s decision be denied.  (*Id*. at 11.)

**STANDARDS OF REVIEW**

**I. Review of Magistrate Judge's Report and Recommendation**

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(C)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984).  In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review

is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

**II. Review of Commissioner's Findings**

The Commissioner's factual findings must be deemed conclusive unless the reviewing court finds they are not supported by substantial evidence. *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). Substantial evidence is "more than a mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Substantial evidence is less than a large or considerable amount of evidence; it only requires enough relevant evidence that a reasonable mind might accept it as adequate to support a conclusion. *Hartranft v. Apfel,* 181 F.3d 358, 360 (3d Cir. 1999). Evidence is not substantial if it is overwhelmed by other evidence. *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983).

## DISCUSSION

**I.      Disability Benefits**

In order to receive disability benefits, the Plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 432(d)(1)(A).  Section 432 further states that:

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.  For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. § 432(d)(2)(A).

**II.     Evaluation Process**

A five-step evaluation process is used to determine if a person is eligible for disability benefits.  *See* 20 C.F.R. § 404.1520; s*ee also Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999); *Sassone v. Soc. Sec. Comm.*, 165 Fed. App'x 954 (3d Cir. 2006) (non-precedential).  If the Commissioner finds that the Plaintiff is not disabled within the meaning of the law, review does not proceed any further.  20 C.F.R. §§ 404.1520, 416.920.

First, the plaintiff must establish that he has not engaged in "substantial gainful activity."  *See* C.F.R. §§ 404.1520(b), 416.920(b).  Second, an evaluation is performed to determine whether the plaintiff has a severe impairment.  *See* C.F.R. §§ 404.152(c), 416.920(c).  Third, the Social Security Commissioner determines whether the impairment or a combination of impairments meets or equals those listed in Appendix 1, Subpart P, Regulation Number 4.

Fourth, if the plaintiff's impairment does not meet or equal a listed impairment, the Commissioner must continue with the evaluation process and determine whether the plaintiff has established that he is unable to perform his past relevant work.  *See* 20 C.F.R. §§ 404.1520(e), 416.920(e).  The plaintiff bears the burden of proof that he is unable to return to his past relevant work.  *Plummer*, 186 F.3d at 428.  Fifth, and finally, the Commissioner must demonstrate that other jobs exist in significant numbers in the national economy that the plaintiff is able to perform, consistent with his medically determinable impairments, functional limitations, age, education, and past working experience.  20 C.F.R. §§ 404.1520(f), 416.920(f).  In conducting this inquiry, the Commissioner is to consider the plaintiff's stated vocational factors.  20 C.F.R. §§ 404.1520(f), 416.920(f).

**III. Plaintiff's Ability to Perform Sedentary Work**

Residual functional capacity is what a claimant can still do in a work setting, despite her limitations.  20 C.F.R. § 404.1545(a).  "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. ... Jobs are sedentary if walking and standing are required

occasionally and other sedentary criteria are met." 20 C.F.R §§ 404.1567(a); 416.967(a).  The ALJ found that Plaintiff:

> has the residual functional capacity to perform sedentary work, as defined and described in the Social Security Rules and Regulations, which would allow for a sit/stand option with occasional climbing, balancing, kneeling, crouching, crawling with occasional handling and fingering and avoiding temperature extremes, humidity, vibration and fumes.

(R. 21.)  Plaintiff objects to Magistrate Judge Mannion's recommendation to uphold the ALJ's decision because she claims that there was not substantial evidence to not credit Plaintiff's allegations of the severity of her pain.  (Pl's Objections, Doc. 10.)  Plaintiff also objects to the decision because she claims that there was not substantial evidence that she the retained functional capacity to perform a full range of sedentary work.  (*Id.*)

**A.    The Magistrate Judge Did Not Err In Concluding That the Substantial Evidence of Record Did Not Support Plaintiff's Complaints of the Severity of Her Pain.**

"[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility."  *Walters v. Comm'r of Soc. Servs.*, 127 F.3d 525, 531 (6th Cir. 1997); *see also Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).  Furthermore:

> [a]llegations of pain and other subjective symptoms must be supported by objective medical evidence.  *See* 20 C.F.R. § 404.1529.  Once an ALJ concludes that a medical impairment that could reasonably cause the alleged symptoms exists, he or she must evaluate the intensity and persistence of the pain or symptom, and the extent to which it affects the individual's ability to work.  This obviously requires the ALJ to determine

7

>    the extent to which a claimant is accurately stating the degree
>    of pain or the extent to which he or she is disabled by it.  *See*
>    20 C.F.R. § 404.1529(c).

*Hartranft v. Apfel*, 181 F.3d 358, 362 (3d Cir. 1999).  Because Plaintiff's subjective complaints of pain and suffering are, to some degree, at odds with objective medical testimony, this Court finds that the ALJ's decision that Plaintiff overstated the severity of her pain was supported by substantial evidence.

First and foremost, Plaintiff's medical records show substantial evidence for the ALJ's decision.  Plaintiff complained of shoulder pains; however, in 2004, tests showed no tear in her rotator cuff, nor abnormal fluid collections.  (R. 434-35.)  Despite chronic back pain, in 2003, Plaintiff's lumbar spine was normal and her cervical spine had only mild disc herniation and no sternosis or impingement.  (R. 36.)  Plaintiff's drift and strength in her extremities was normal except for hand grip.  (R. 430-33.)  Plaintiff had hip pain and moderate osteoarthritis, but also had normal gait and full range of motion in her hips. (R. 489-99.)  Plaintiff's doctor stated that she could not lift, push, or pull more than fifteen (15) pounds; however, the VE testified that in order to perform light sedentary labor, Plaintiff would only have to lift up to ten (10) pounds.  (Report and Recommendation, Doc. 9, at 6.)

Furthermore, Plaintiff's pain over her course of treatment at Geisinger from February 2003 to June 2005 shows Plaintiff's pain decreasing from, on a scale of one (1) to ten (10), a high of eight (8) to a low of two (2), a pain range which allowed Plaintiff to perform daily activities around her home.  (R. 458-515.)  Plaintiff offers as evidence of her subjective pain and suffering EMG and MRI tests which showed the existence of Plaintiff's back, shoulder, and carpal tunnel problems.  (Br. in Supp., Doc. 11, at 9.)

However, the ALJ did not dispute that these conditions existed. DDS doctors testified that with these symptoms, Plaintiff could still perform sedentary labor. Based on this, the ALJ determined that while Plaintiff's medical record supported the existence of impairments, it did not support the existence of symptoms to the extent alleged by Plaintiff. (Report and Recommendation, Doc. 9, at 7.)

Secondly, Plaintiff's own testimony of her daily activities is evidence to support the ALJ's determination that her complaints as to the severity of her pain were not entirely credible. Plaintiff did various activities such as cleaning, driving, and occasional gardening. (R. 544-45, 550.) Plaintiff also cut the grass, planted flowers, cooked, vacuumed, did laundry, went shopping, and fished. (R. 82-83.) In light of this evidence, Plaintiff's medical records, and conflicting medical evidence before the ALJ, and based on the deference given to credibility determinations made by the ALJ due to her ability to perceive witness demeanor, this Court finds that the ALJ had substantial evidence to determine that the Plaintiff's complaints were not totally credible.

**B.   The Magistrate Judge Did Not Err in His Decision That Plaintiff Had Residual Functional Capacity to Perform a Full Range of Sedentary Work**

In determining whether Plaintiff retained functional work capacity, the ALJ relied in part on the testimony of a VE. (Br. in Supp., Doc. 11, at 6.) The VE testified as to the RFC of someone with the Plaintiff's age, education, and work history under two hypothetical scenarios: one scenario based on Plaintiff's subjective complaints of pain and one based on the ALJ's determination, based on medical records, of Plaintiff's impairments. (*Id*.) The ALJ relied on the VE's response to the latter scenario, which

indicated that Plaintiff was able to perform many jobs requiring sedentary labor.  (*Id*.) Plaintiff claims that the ALJ should have relied on the scenario which included her subjective complaints of pain.  (*Id*.)  As Magistrate Judge Mannion noted, this is basically a restatement of Plaintiff's first objection.  (Report and Recommendation, Doc. 9, at 9.) Because this Court has determined that the ALJ's determination that Plaintiff overstated her subjective pain and impairments was supported by substantial evidence, the ALJ did not err in not taking into account the VE's answer to a hypothetical question based on Plaintiff's subjective complaints.

## CONCLUSION

After careful consideration, this Court will adopt the Magistrate Judge's Report and Recommendation (Doc. 9.).  Therefore, Plaintiff's appeal of the Commissioner's decision will be denied.

An appropriate Order follows.


June 27, 2008                          /s/ A. Richard Caputo
Date                                    A. Richard Caputo
                                        United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

NANCI VAN ALST-SMITH,

    Plaintiff

        v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

NO. 3:07-CV-1663

(JUDGE CAPUTO)

## ORDER

**NOW**, this 27th day of June, 2008, upon review of Magistrate Judge Malachy E. Mannion's Report and Recommendation (Doc. 9), **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Doc. 10) are **OVERRULED**.

(2) The Report and Recommendation (Doc. 9) is **ADOPTED**.

(3) Plaintiff's appeal of the Commissioner's decision is **DENIED**.

(4) The Clerk of the Court shall mark this case as **CLOSED**.

                /s/ A. Richard Caputo
                A. Richard Caputo
                United States District Judge